**E-FILED**
Wednesday, 29 March, 2017 04:05:52 PM
Clerk, U.S. District Court, ILCD

# Exhibit 2

David B. Ross, M.D., Ph.D., M.B.I.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

KATRINA DAWN COPLEY, : Civil Action No.

Plaintiff, : 3:14-cv-00406

v. :

BAYER HEALTHCARE :

PHARMACEUTICALS, INC., BAYER :

PHARMA AG, and BAYER OY, :

Defendants. :

VIDEOTAPED DEPOSITION OF

DAVID B. ROSS, M.D., Ph.D., M.B.I.

Baltimore, Maryland

Friday, April 8, 2016

9:00 a.m.

Reported by: Linda S. Kinkade RDR CRR RMR CSR



FDA?

A. Yes.

Q. And did you know him personally?

A. Yes.

Q. Did you know him to be dedicated at the FDA to patient safety from your experience with him?

A. I'm -- it was almost 20 years ago, so bear with me. The only -- to be honest with you, the only -- and, again, this is 20 years ago. I had started there in '96. He was the office director at the microbial office.

The only conversation I remember being part of with him is one in which he pointed out that the manufacturer of thalidomide, which is a drug, as we all know, that's associated with severe birth defects, had never admitted that the drug caused birth defects despite overwhelming evidence. I will say that in 2012 the successor company, which I believe was Grunenthal, did finally admit that thalidomide was associated with that adverse event.

Q. Let me -- I don't want to take us on a detour. Was he senior to you at the FDA when you were there together, Dr. Feigal?

A. Yes.

Q. Was he -- did you -- were you in a reporting chain with him?

A. Yes.

Q. How direct was the reporting chain?

A. It was a couple levels removed.

Q. So he was a couple levels above you at the FDA, Dr. Feigal was?

A. Yes.

Q. Did you ever, given your experience with him, have reason -- well, strike that.

You understand that the FDA is a consumer protection agency.

A. Among other functions, yes.

Q. Yes. And that its job is on behalf of the United States federal government to regulate the safety and efficacy of -- of drugs.

A. That is its statutory mission.

Q. Did you ever have concern about, based on your experience with Dr. Feigal, about his dedication to performing those missions?

MS. HORNER: Objection to form. I believe he said he doesn't remember much.

MR. SCHMIDT: Please don't coach.

THE WITNESS: I -- I can't -- I can't recall any specific issues. Again, this was a long time ago.

BY MR. SCHMIDT:

Q. Have you come across him since other than in this case?

A. There's a previous case in which we were retained by counsel for different sides on a case.

Q. I've marked as Exhibit -- what was that case?

A. That was Wendell versus Johnson & Johnson, Teva Pharmaceuticals and Abbott, I believe.

Q. What was the product or the drug involved in that case?

A. Well, there were multiple products. There was Remicade, Humira and 6-mercaptopurine.

Q. Were you testifying on behalf of the plaintiffs or defendants?

A. Plaintiffs.

Q. How many times have you testified on behalf of plaintiffs, either by preparing a report or giving a deposition or testifying at trial?

MS. HORNER: Objection to form.

C E R T I F I C A T E

I, LINDA S. KINKADE, Registered Diplomate Reporter, Certified Realtime Reporter, Registered Merit Reporter, Certified Shorthand Reporter, and Notary Public, do hereby certify that prior to the commencement of examination the deponent herein was duly sworn by me to testify truthfully under penalty of perjury.

I FURTHER CERTIFY that the foregoing is a true and accurate transcript of the proceedings as reported by me stenographically to the best of my ability.

I FURTHER CERTIFY that I am neither counsel for nor related to nor employed by any of the parties to this case and have no interest, financial or otherwise, in its outcome.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal this 11th day of April 2016.

My commission expires: July 31, 2017

________________________________

NOTARY PUBLIC IN AND FOR

THE DISTRICT OF COLUMBIA